Electronically Filed - St Louis County - August 13, 2019 - 03:46 PM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| LAWRENCE FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19SL-CC02766 |
| v. | ) | |
| | ) | Division 21 |
| CITY OF PINE LAWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Joel D. Brett, of the law firm of Barklage, Brett & Hamill, P.C., and enters

his appearance on behalf of Defendant, Sylvester Caldwell, in the above-captioned matter.

BARKLAGE, BRETT & HAMILL, P.C.

BY: _____/s/ Joel D. Brett_____
JOEL D. BRETT #33471
211 North Third Street
St. Charles, MO 63301
Telephone (636) 949-2120
Facsimile (636) 949-8786
jbrett@barklage-brett.com

*Attorney for Defendant Sylvester Caldwell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was
served electronically upon all counsel of record on this 13th day of August, 2019.

_____/s/ Joel D. Brett_____
Joel D. Brett

# FILED

**AUG 1 2 2019**

## FAX COVER SHEET

| | |
|---|---|
| TO | JOAN M. GILMER<br>CIRCUIT CLERK, ST. LOUIS COUNTY |
| COMPANY | |
| FAX NUMBER | 13146158739 |
| FROM | Lorra Goodman |
| DATE | 2019-08-13 14:35:06 GMT |
| RE | FLeming |

## COVER MESSAGE



Tasha Behnen | Legal Administrative Assistant

Behr McCarter & Potter, PC | Attorneys and Counselors at Law

7777 Bonhomme Avenue, Suite 1400 | Saint Louis Missouri 63105

P 314.862.3800 | F 314.862.3953 | E tbehnen@bmplaw.com

NOTICE: This communication, along with any documents, files or attachments, is intended only for the use of the addressee(s) and may contain confidential and legal privileged information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution and/or copying of the information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately by return email (tbehnen@bmplaw.com) or by telephone (314.862.3800) and delete or otherwise destroy the original communication and its attachments without reading, printing, forwarding or saving in any manner.

WWW.EFAX.COM



**BEHR, McCARTER & POTTER, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
7777 Bonhomme Avenue, Suite 1400
St. Louis (Clayton), MO 63105-1942

www.behrmccarterpotter.com

**FILED**

AUG 1 2 2019

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**
Timothy W. Rudolph
trudolph@bmplaw.com
Assistant: Tasha Behnen

August 12, 2019

_Via Fax Only: 314-615-8739_
Certified Copies Department
St. Louis County Courthouse
105 S. Central Avenue
Clayton, MO 63105

     Re:    Lawrence Fleming v. City of Pine Lawn, _et al._
            Cause No. 19SL-CC02766 (filed July 10, 2019)

Dear Sir or Madam:

    Please accept this letter as a request for a certified copy of the entire court record for the above-referenced case. Please provide my office with the cost and we will promptly issue a check. Time is of the essence for this matter, so if it is possible to obtain a certified copy by August 19, 2019, I would really appreciate it. If you have any questions or concerns regarding this request, please contact me at 314-389-5251 or trudolph@bmplaw.com.

    Thank you for your assistance with this matter.

               Sincerely,

               Timothy W. Rudolph

T: (314) 862-3800 ▪ F: (314) 862-3953
Federal ID No: 43-1601162

Named by U.S. News® - Best Lawyers®
as a **Best Law Firm** in the practice areas of
_Commercial Litigation, Construction Law, Construction Litigation,_
_Personal Injury Litigation – Defendants and Product Liability Litigation – Defendants._



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC02766 |
| Plaintiff/Petitioner:<br>LAWRENCE FLEMING | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JOHN BRUNTON<br>819 VANDALIA ST<br>COLLINSVILLE, IL 62234 |
| vs. | |
| Defendant/Respondent:<br>CITY OF PINE LAWN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **SYLVESTER CALDWELL**
Alias:

14640 AVOCADO LANE
FLORISSANT, MO 63034



COURT SEAL OF

**ST. LOUIS COUNTY**

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>02-AUG-2019</u>
Date

_____
Clerk

**Further Information:**
TJ

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

_____ .
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
        Date      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - August 01, 2019 - 11:39 AM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

LAWRENCE FLEMING, )
)
    Plaintiff, )
)
vs. )     Cause No.: 19SL-CC02766
)
CITY OF PINE LAWN, )
and )
SYLVESTER CALDWELL, )
)
    Defendants. )

## MEMORANDUM REQUESTING ALIAS SUMMONS

COMES NOW Plaintiff Lawrence Fleming, by and through his attorneys, Brunton Law

Offices, P.C., and requests that this Court issue Alias Summons on the Defendant as follows:

**Defendant Sylvester Caldwell**
**Serve at:**
14640 Avocado Lane
Florissant, MO 63034

St. Louis City Sheriff process service fee was paid at filing.

                                BRUNTON LAW OFFICE, P.C.

                                  /s/ Michael J. Brunton
                                Michael J. Brunton, #42877
                                Brunton Law Office
                                819 Vandalia (HWY 159)
                                Collinsville, IL 62234
                                Attorney for Plaintiff

7/24  (99)  7011  7/25 217
Return  vacant

SB
8-10


**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division: <br> NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC02766 | |
|---|---|---|
| Plaintiff's/Petitioner: <br> LAWRENCE FLEMING <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> MICHAEL JOHN BRUNTON <br> 819 VANDALIA ST <br> COLLINSVILLE, IL 62234 | **SHERIFF FEE PAID** |
| Defendant/Respondent: <br> CITY OF PINE LAWN | Court Address: <br> ST LOUIS COUNTY COURT BUILDING <br> 105 SOUTH CENTRAL AVENUE <br> CLAYTON, MO 63105 | **FILED** (Date & Time Stamp) |
| Nature of Suit: <br> CC Employmnt Discrmntn 213.111 | | |

## Summons in Civil Case

**JUL 30 2019**

The State of Missouri to: SYLVESTER CALDWELL

Alias:

4216 EDGEWOOD BLVD
ST. LOUIS, MO 63121

08
Warun Co

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

11-JUL-2019
Date

Further Information:
AD

Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☑ other  non Est Vacant (remises 7/25/19 217pm

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time)

Majo (Wallau                                              ome
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date)

(Seal)

My commission expires: _____
Date                                      Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( _____ miles @ $_____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 19-SMCC-6209    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo)



7/24 (195) PS 1022 Return SB 8·10

IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC02766 |
| Plaintiff/Petitioner: LAWRENCE FLEMING vs. | Plaintiff's/Petitioner's Attorney/Address MICHAEL JOHN BRUNTON 819 VANDALIA ST COLLINSVILLE, IL 62234 |
| Defendant/Respondent: CITY OF PINE LAWN | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

SHERIFF FEE PAID

FILED JUL 26 2019 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

**The State of Missouri to:** **CITY OF PINE LAWN**
**Alias:**

**VICTORIA STEVENSON**
**PINE LAWN CITY HALL**
**6250 STEVE MARRE AVENUE**
**PINE LAWN, MO 63121**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

08 WALLM

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**11-JUL-2019**
**Date**

Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

- [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
- [x] (for service on a corporation) delivering a copy of the summons and a copy of the petition to Victoria Stevenson (name) Receptionist (title).
- [ ] other ______

Served at SAA (address)

in St Louis (County/City of St. Louis), MO, on 7/24/19 (date) at 1022 Am (time).

Major Wallace
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______ (date).

(Seal)

My commission expires: ______ Date ______ Notary Public

RECEIVED 2019 JUL 19 PM 3:48 ST. LOUIS COUNTY SHERIFF'S OFFICE

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( ___ miles @ $.____ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

7/31/19

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC02766 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE FLEMING<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JOHN BRUNTON<br>819 VANDALIA ST<br>COLLINSVILLE, IL 62234 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CITY OF PINE LAWN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CITY OF PINE LAWN
                         Alias:

VICTORIA STEVENSON
PINE LAWN CITY HALL
6250 STEVE MARRE AVENUE
PINE LAWN, MO 63121

COURT SEAL OF



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>11-JUL-2019</u>
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

_____ (address)

Served at _____

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC02766 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE FLEMING<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JOHN BRUNTON<br>819 VANDALIA ST<br>COLLINSVILLE, IL 62234 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CITY OF PINE LAWN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SYLVESTER CALDWELL
Alias:

4216 EDGEWOOD BLVD
ST. LOUIS, MO 63121



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

11-JUL-2019
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
_____ (address)
Served at _____
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*        Subscribed and sworn to before me on _____ (date).
My commission expires: _____            _____
                                    Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**19SL-CC02766**

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

LAWRENCE FLEMING,     )
                              )
     Plaintiff,           )
                              )
vs.                      )     Cause No.:
                              )
CITY OF PINE LAWN,     )     **Plaintiff Demands Trial by Jury**
**SERVE:**                 )
**Victoria Stevenson**    )
**Pine Lawn City Hall**     )
**6250 Steve Marre Avenue**  )
**St. Louis, MO 63121**     )
                              )
and                      )
                              )
SYLVESTER CALDWELL,   )
**SERVE:**                 )
**4216 Edgewood Boulevard**  )
**St. Louis, MO 63121**     )
                              )
     Defendants.      )

<u>**PETITION**</u>

<u>**COUNT I - Missouri Common Law Whistleblower v. City of Pine Lawn**</u>

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count I of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

**I.**    <u>**Initial Employment.**</u>

    1.    Pine Lawn is a municipality and public entity within St. Louis County, State of Missouri.

    2.    Fleming was employed by Pine Lawn as a police officer.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

3.    Fleming was qualified for his position and was able to perform essential functions of his job.

4.    Defendant, Sylvester Caldwell (hereinafter referred to as "Caldwell") was the mayor of Pine Lawn during Fleming's employment with Pine Lawn.  Caldwell is sued in his individual unofficial capacity.

**II.    Cooperation with the FBI in their investigation involving government officials working for Pine Lawn.**

5.    While Fleming was working as a police officer in the Pine Lawn Police Department, Fleming talked to the Federal Bureau of Investigation ("FBI") about questions that they had about illegal activities by government officials working for Pine Lawn.

6.    Fleming supplied pertinent information to the FBI's questions regarding corruption of officials working for Pine Lawn, including the Mayor of Pine Lawn, Sylvester Caldwell.

7.    Pine Lawn officials, including Mayor Caldwell, were informed about Fleming acting as a witness against Mayor Caldwell and other Pine Lawn officials by speaking to the FBI.

8.    Thereafter, Fleming's job responsibilities in the Pine Lawn Police Department were restricted at the demand of Mayor Caldwell.

9.    Fleming was also informed that Fleming would be terminated from Pine Lawn, as a result of his cooperation with the FBI and Fleming was forced to thereafter tender his involuntary resignation from Pine Lawn employment.

10.    Fleming's termination was directly related to Fleming's cooperation with the FBI, which was investigating corrupt Pine Lawn officials.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

11.    Fleming's job duties were restricted and he was terminated/involuntarily separated from Pine Lawn without ever being informed of reasons for disciplinary actions. Fleming was never allowed any appeal hearing.

12.    Fleming's cooperation with third party government authorities that were investigating corrupt Pine Lawn officials was a contributing factor in his retaliatory wrongful termination.

13.    Pine Lawn has procured liability insurance that would provide coverage for retaliatory discharge claims brought against them.

14.    As a result of Pine Lawn's retaliatory discharge of Fleming, he is entitled to his past and future lost earnings and benefits.

15.    As a result of Pine Lawn's retaliatory discharge of Fleming, he was caused to suffer severe emotional distress which will continue into the future.

16.    Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

## COUNT II – Missouri Common Law Retaliation – Violation of State Constitution vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count II of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

1-12.   For paragraphs one (1) through twelve (12) of Count II, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.   Fleming was exercising his constitutional right of free speech, due process, freedom of association and requesting liberty and property rights, as provided by the State of Missouri Constitution, and as such, was performing acts that sound public policy would encourage, and this was a contributing factor in his retaliatory wrongful termination.

14.   Pine Lawn has procured liability insurance that would provide coverage for retaliatory discharge claims brought against them.

15.   As a result of Pine Lawn's retaliatory discharge of Fleming, he is entitled to his past and future lost earnings and benefits.

16.   As a result of Pine Lawn's retaliatory discharge of Fleming, he was caused to suffer severe emotional distress which will continue into the future.

17.   Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

### COUNT III – Missouri Common Law Retaliation – Acting as a Witness vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count III of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count III, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.   Fleming' actions were in accordance with public policy and he was performing a civic duty by acting as a witness in a government investigation and this was a contributing factor in his retaliatory wrongful termination.

14.   Pine Lawn has procured liability insurance that would provide coverage for retaliatory discharge claims brought against them.

15.   As a result of Pine Lawn's retaliatory discharge of Fleming, he is entitled to his past and future lost earnings and benefits.

16.   As a result of Pine Lawn's retaliatory discharge of Fleming, he was caused to suffer severe emotional distress which will continue into the future.

17.   Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

## COUNT IV Violation of U.S. Constitution (§1983) – Right to Free Speech vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereinafter referred to as "Fleming"), by his attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count IV of his Petition against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count IV, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

Page **5** of **23**

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

13.     Fleming also talked to the press about many of the aforementioned allegations.

14.     Fleming was exercising his constitutional right of free speech as provided to him by the First and Fourteenth Amendments of the United States Constitution by talking to the FBI and/or talking to the press, and as such, this was a contributing factor in his retaliatory wrongful termination. U.S. Const. Amend. I and XIV.

15.     The violation of Fleming's constitutional right of free speech violates 42 U.S.C. §1983.

16.     Pine Lawn has no compelling interest that overrides the employee's rights.

17.     Pine Lawn has procured liability insurance that would provide coverage for this claim.

18.     As a result of Pine Lawn's actions, Fleming is entitled to his past and future lost earnings and benefits.

19.     As a result of Pine Lawn's actions, he was caused to suffer severe emotional distress which will continue into the future.

20.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

21.     Fleming was speaking as a private citizen on matters of public concern making his reports to third parties, including the FBI.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

Page **6** of **23**

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

**COUNT V – Violation of Federal Constitution (§1983) –**
**Right to Freedom of Association**
**vs. City of Pine Lawn**

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count V of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count V, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.   Fleming also talked to the press about many of the aforementioned allegations.

14.   Fleming was exercising his constitutional right of freedom of association as provided to him by the United States Constitution by association with the FBI and/or the press, and as such, was performing acts that sound public policy would encourage, and this was a contributing factor in his retaliatory wrongful termination.  U.S. Const. Amend. I and XIV.

15.   The violation of Fleming's constitutional rights of freedom of association violates 42 U.S.C. §1983.

16.   Pine Lawn has no compelling interest that overrides the employee's rights.

17.   Pine Lawn has procured liability insurance that would provide coverage for this claim.

18.   As a result of Pine Lawn's actions, Fleming is entitled to his past and future lost earnings and benefits.

19.   As a result of Pine Lawn's actions, Fleming was caused to suffer severe emotional distress which will continue into the future.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

20.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

<h3 style="text-align:center">COUNT VI Violation of U.S. Constitution (§1983) (Amendment XIV)-<br>Right to Equal Protection<br>vs. City of Pine Lawn</h3>

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count VI of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count VI, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.     Fleming was denied equal protection, which was his constitutional right as provided to him by United States Constitution. Fleming was treated differently than others in the same situation and the discriminatory treatment was based on an improper purpose or motive and it was intentional. U.S. Const. Amend XIV.

14.     Pine Lawn has procured liability insurance that would provide coverage for this claim.

15.     As a result of Pine Lawn's actions, Fleming is entitled to his past and future lost earnings and benefits.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

16.     As a result of Pine Lawn's actions, Fleming was caused to suffer severe emotional distress which will continue into the future.

17.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

### COUNT VII Violation of U.S. Constitution (§1983) – Violation of Liberty Interests vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count VII of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.     For paragraphs one (1) through twelve (12) of Count VII, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.     Due Process protections of the Fourteenth Amendment to the U.S. Constitution requires the City of Pine Lawn to provide process before disciplinary action can be taken against Fleming and/or before discharge of Fleming if a property interest or liability interest exists. U.S. Const. Amend. XIV.

14.     Fleming had an expectancy of continued employment.

15.     A police officer, including Fleming, has a property interest in employment pursuant to §84.120, RSMo 2000.

16.     Fleming was never provided notice for his discipline.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

17.     Fleming never had an adequate opportunity for a hearing prior to termination. Fleming was not allowed to see evidence, question witnesses, and provide statements or any other means to address issues at hearing.

18.     Fleming never had opportunity to rebut the reason for termination.

19.     There existed a statute, ordinance and operations manual that required just cause for discipline.

20.     Fleming had a liberty interest and/or property interest in his continued employment.  It is also likely that Fleming will be unable to continue in this profession in the future.

21.     Fleming was denied his constitutional right of due process by the City of Pine Lawn, as provided to him by the United States Constitution, Fourteenth Amendment.  U.S. Const., Amend. XIV.

22.     Fleming was denied liberty interests, which were in violation of his constitutional right as provided to him by the United States Constitution.  These included his interest in continued employment.  U.S. Const. Amend. I and XIV.

23.     The violation of Fleming's constitutional rights by denial of liberty interests violates 42 U.S.C. §1983.

24.     Fleming's discharge arose under circumstances that seriously damage his reputation and his ability to obtain other employment.

25.     False and stigmatizing statements were made in connection with the employee's discharge in public, without a meaningful opportunity for Fleming to clear his name.

26.     Pine Lawn has procured liability insurance that would provide coverage for retaliatory discharge claims brought against them.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

27.     As a result of Pine Lawn's retaliatory discharge of Fleming, he is entitled to his past and future lost earnings and benefits.

28.     As a result of Pine Lawn's retaliatory discharge of Fleming, he was caused to suffer severe emotional distress which will continue into the future.

29.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

**COUNT VIII Violation of U.S. Constitution (§1983) – Violation of Due Process – Property Interests vs. City of Pine Lawn**

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count VIII of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count VIII, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.     Due Process protections of the Fourteenth Amendment to the U.S. Constitution requires the City of Pine Lawn to provide process before disciplinary action can be taken against Fleming and/or before discharge of Fleming if a property interest or liability interest exists.  U.S. Const. Amend. XIV.

14.     Fleming had an expectancy of continued employment.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

15.    A police officer, including Fleming, has a property interest in employment pursuant to §84.120, RSMo 2000.

16.    Fleming was never provided notice for his discipline.

17.    Fleming never had an adequate opportunity for a hearing prior to termination. Fleming was not allowed to see evidence, question witnesses, and provide statements or any other means to address issues at hearing.

18.    Fleming never had opportunity to rebut the reason for termination.

19.    There existed a statute, ordinance and operations manual that required just cause for discipline.

20.    Fleming had a liberty interest and/or property interest in his continued employment. It is also likely that Fleming will be unable to continue in this profession in the future.

21.    Fleming was denied his constitutional right of due process by the City of Pine Lawn, as provided to him by the United States Constitution, Fourteenth Amendment. U.S. Const., Amend. XIV.

22.    Fleming was denied liberty interests, which were in violation of his constitutional right as provided to him by the United States Constitution. These included his interest in continued employment. U.S. Const. Amend. I and XIV.

23.    The violation of Fleming's constitutional rights by denial of liberty interests violates 42 U.S.C. §1983.

24.    Fleming was denied his property interests, including his interest in continued employment, arising from the handbook and/or the personnel or civil service code, which was his

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

constitutional right as provided to him by the United States Constitution.  U.S. Const. Amend. I and XIV.

25.     Pine Lawn has procured liability insurance that would provide coverage for retaliatory discharge claims brought against them.

26.     As a result of Pine Lawn's actions/inactions, Fleming is entitled to his past and future lost earnings and benefits.

27.     As a result of Pine Lawn's actions/inactions, Fleming was caused to suffer severe emotional distress which will continue into the future.

28.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

## COUNT IX Violation of §1983 – Discriminatory Motive
### vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count IX of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.   For paragraphs one (1) through twelve (12) of Count IX, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

13.     Fleming was treated differently than others in the same or similar situation and that the discriminatory treatment was based on an impermissible purpose or motive, including exercise of his fundamental rights of the U.S. Constitution.

14.     The discriminatory treatment was intentional and was caused by persons with policy making authority and was policy and practice and custom.

15.     The discriminatory treatment violates 42 U.S.C. §1983.

16.     Pine Lawn procured insurance that would provide coverage for this claim.

17.     As a result of Pine Lawn's actions, Fleming lost wages and benefits and will lose wages and benefits in the future.

18.     As a result of Pine Lawn's actions, Fleming suffered from emotional distress.

19.     As a result of Pine Lawn's actions, Fleming sustained other incidental and consequential damages.

20.     As a result of Pine Lawn's actions, Fleming is entitled to attorney's fees and costs under 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

<div align="center">

**COUNT X Violation of §1981**
**vs. City of Pine Lawn**

</div>

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count X of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

1-12.   For paragraphs one (1) through twelve (12) of Count X, Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.   Fleming had an employment relationship and contract with Pine Lawn.

14.   Fleming was treated differently than others in the same or similar situation, and Pine Lawn discriminated against him in the enforcement and termination of his employment contract in violation of 42 U.S.C. §1981.

15.   The discriminatory treatment was intentional.

16.   As a result of Pine Lawn's actions, Fleming lost wages and benefits and will lose wages and benefits in the future.

17.   As a result of Pine Lawn's actions, Fleming suffered from emotional distress.

18.   As a result of Pine Lawn's actions, Fleming sustained other incidental and consequential damages.

19.   As a result of Pine Lawn's actions, Fleming is entitled to attorney's fees and costs.

20.   There is insurance coverage for this claim.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

### COUNT XI RICO, Sarbanes-Oxley Act and Victim and Witness Protection Act vs. City of Pine Lawn

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for

Page **15** of **23**

Electronically Filed - St. Louis County - July 10, 2019 - 04:58 PM

Count XI of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-12.    For paragraphs one (1) through twelve (12) of Count XI Fleming realleges and incorporates paragraphs one (1) through twelve (12) of Count I as though fully alleged herein.

13.    There existed a long-term pattern of racketeering activity that violated the Racketeer Influenced and Corrupt Organization Act (RICO) 18 U.S.C. §1961, et. seq.

14.    After the mayor's indictment, Pine Lawn officers, including Sylvester Caldwell, attempted to obstruct the criminal investigation and tampered with witnesses, informants and evidence in violation of RICO and in violation of 18 U.S.C. §1510 and 18 U.S.C. §1512.

15.    The willful and intentional tampering and obstruction was a continued predicate action in violation of RICO.

16.    In addition, the willful and intentional tampering and obstruction violated the Sarbanes-Oxley Act 18 U.S.C. §1513(e).

17.    In addition, the willful and intentional tampering and obstruction violated the Federal False Claims Act.

18.    In addition, the willful and intentional tampering and obstruction violated the Victim and Witness Protection Act of 1982.

19.    These actions caused Fleming to be terminated from his employment and he has been unable to secure additional employment because of personal restricted information released to the public that included false information.

20.    As a result of Pine Lawn's actions, Fleming lost wages and benefits and will lose wages and benefits in the future.

21.    As a result of Pine Lawn's actions, Fleming suffered from emotional distress.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

22.     As a result of Pine Lawn's actions, Fleming sustained other incidental and consequential damages.

23.     As a result of Pine Lawn's actions, Fleming is entitled to attorney's fees and costs.

24.     As a result of Pine Lawn's actions, Fleming is entitled to treble damages.

25.     Pine Lawn has insurance coverage for this claim.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

## COUNT XII – RICO vs. Caldwell

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count XII of his Petition against Defendant, Sylvester Caldwell (hereafter referred to as "Caldwell"), states:

1-25.   For paragraphs one (1) through twenty-five (25) of Count XII, Fleming realleges and incorporates paragraphs one (1) through twenty-five (25) of Count XI as though fully alleged herein.

26.     Caldwell was part of the organization involved in RICO and was involved in the obstruction of a witness and informant and tampering with evidence. These actions directly effected Fleming's employment with Pine Lawn.

27.     These actions caused Fleming to be terminated from his employment.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

28.     As a result of Caldwell's actions, Fleming lost wages and benefits and will lose wages and benefits in the future.

29.     As a result of Caldwell's actions, Fleming suffered from emotional distress.

30.     As a result of Caldwell's actions, Fleming sustained other incidental and consequential damages.

31.     As a result of Caldwell's actions, Fleming is entitled to attorney's fees and costs and treble damages.

32.     There is insurance coverage for this claim.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, Sylvester Caldwell, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

## COUNT XIII – Intentional Interference with Economic Advantage
### vs. Caldwell

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count XIII of his Petition against Defendant, Sylvester Caldwell (hereafter referred to as "Caldwell"), states:

1-25.   For paragraphs one (1) through twenty-five (25) of Count XIII, Fleming realleges and incorporates paragraphs one (1) through twenty-five (25) of Count XI as though fully alleged herein.

26.     Caldwell was the mayor of Pine Lawn and a supervisor for the City of Pine Lawn Police Department, and a supervisor of Fleming.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

27. Fleming had a valid employment relationship with Pine Lawn and an expectance of continued employment with Pine Lawn.

28. Caldwell had knowledge of the aforementioned relationship and expectance.

29. Fleming was able to perform his job duties in a satisfactory manner.

30. Caldwell, in his individual unofficial capacity, intentionally and wrongfully interfered with Fleming's economic relationship and expectancy of continued employment, without justification or excuse, which he had through his employment with City of Pine Lawn Police Department by wrongfully terminating Fleming.

31. Caldwell, in his individual unofficial capacity, acted maliciously with personal animosity against Fleming and Caldwell acted for his own personal interests contrary to those of the police department and used improper means to further his own interests, when he terminated Fleming's employment or caused Fleming's employment to be terminated through his actions.

32. As a proximate result of Caldwell's intentional interference with his business relationship, Fleming lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

33. As a proximate result of Caldwell's intentional interference with his business relationship, Fleming is entitled to other incidental and consequential damages sustained by him.

34. As a proximate result of Caldwell's intentional interference with his business relationship, Fleming sustained severe emotional distress.

35. Fleming is also entitled to punitive damages as a result of Caldwell's intentional interference with business relationship.

36. There is insurance coverage for this claim.

37. Caldwell was acting in his individual unofficial capacity.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against defendant, Sylvester Caldwell, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff demands Trial by Jury.**

## COUNT XIV – Violation of 42 USC §1983
## vs. Sylvester Caldwell

NOW COMES Plaintiff, Lawrence Fleming (hereafter referred to as "Fleming"), by and through his undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count XIV of his Petition against Defendant, Sylvester Caldwell (hereafter referred to as "Caldwell"), states:

1-25. For paragraphs one (1) through twenty-five (25), Fleming realleges and incorporates paragraphs one (1) through twenty-five (25) of Count XI as though fully alleged herein.

26.    Fleming also talked to the press about many of the aforementioned allegations.

27.    Fleming was exercising his constitutional right of free speech as provided to him by the First and Fourteenth Amendments of the United States Constitution by talking to the FBI and/or talking to the press, and as such, this was a contributing factor in his retaliatory wrongful termination due to Caldwell's violation of Fleming's constitutional rights. U.S. Const. Amend. I and XIV.

28.    There was no compelling interest that overrides the employee's rights.

29.    Fleming was speaking as a private citizen on matters of public concern making his reports to third parties, various individuals working for the press and the FBI.

30.    Fleming was exercising his constitutional right of freedom of association as provided to him by the United States Constitution by association with the FBI and/or the press,

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

and as such, was performing acts that sound public policy would encourage, and this was a contributing factor in his retaliatory wrongful termination due to Caldwell's violation of Fleming's constitutional rights. U.S. Const. Amend. I and XIV.

31.    Fleming was acting as a private citizen in his association with third parties, the press and the FBI.

32.    Due Process protections of the Fourteenth Amendment to the U.S. Constitution requires the City of Pine Lawn to provide process before disciplinary action can be taken against Fleming and/or before discharge of Fleming because a property interest and/or liability interest exists. U.S. Const. Amend. XIV.

33.    Fleming had an expectancy of continued employment.

34.    A police officer, including Fleming, has a property interest in employment pursuant to §84.120, RSMo 2000.

35.    Fleming was never provided notice for his discipline.

36.    Fleming never had an adequate opportunity for a hearing prior to termination. Fleming was not allowed to see evidence, question witnesses, and provide statements or any other means to address issues at hearing.

37.    Fleming never had opportunity to rebut the reason for termination.

38.    There existed a statute, ordinance and operations manual that required just cause for discipline of Fleming.

39.    Fleming had a liberty interest and/or property interest in his continued employment. It is also likely that Fleming will be unable to continue in this profession in the future.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

40.     Fleming was denied his constitutional right of due process as provided to him by the United States Constitution, Fourteenth Amendment as a result of Caldwell's actions.  U.S. Const., Amend. XIV.

41.     Fleming was denied equal protection, which was his constitutional right as provided to him by the United States Constitution, Amendment XIV.  U.S. Const. Amend. XIV.

42.     Fleming's discharge arose under circumstances that seriously damage his reputation and his ability to obtain other employment.

43.     False and stigmatizing statements were made in connection with the employee's discharge in public, without a meaningful opportunity for Fleming to clear his name.

44.     Caldwell acted in his individual non-official capacity acting under color of law to deny Fleming his aforementioned constitutional rights of Free Speech, Freedom of Association, Due Process for loss of liberty interests and property interests, and Equal Protection.  U.S. Const. Amend. I and XIV.  Caldwell was a willful participant in joint actions of other government agents in denying Fleming his constitutional rights.  Caldwell knew of the Constitutional rights that Fleming possessed.

45.     The violations of Fleming's aforementioned Constitutional rights were caused by Caldwell and the actions violate 42 U.S. §1983.

46.     Caldwell is covered by liability insurance that would provide coverage for claims brought against him.

47.     As a result of Caldwell's violations of Fleming's Constitutional Rights, he is entitled to his past and future lost earnings and benefits.

48.     As a result of Caldwell's violations of Fleming's Constitutional Rights, he was caused to suffer severe emotional distress which will continue into the future.

Electronically Filed - St Louis County - July 10, 2019 - 04:58 PM

49.     Fleming is also entitled to punitive damages, attorney fees and costs as a result of Caldwell's actions.

WHEREFORE, Plaintiff, Lawrence Fleming, requests that judgment be entered in his favor and against Defendant, Sylvester Caldwell, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

BRUNTON LAW OFFICE, P.C.

_____/s/ Michael J. Brunton_____
Michael J. Brunton, #42877
Brunton Law Office
819 Vandalia (HWY 159)
Collinsville, IL 62234
Attorney for Plaintiff

I certify and attest that the above is a true copy of the original record of the Court in case number __19SL - CC02766__ as it appears on file in my office.

Issued

_August 19, 2019_

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _LaShonde Matthew_
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Deputy Clerk

CCOPR36   Rev. 06/00